IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BILWIS EDAWN MILES | ) |
| | ) |
| v. | ) NO. 3-11-0931 |
| | ) JUDGE CAMPBELL |
| NASHVILLE ELECTRIC SERVICE | ) |

MEMORANDUM

Pending before the Court is Defendant's Motion for Summary Judgment (Docket No. 18).

For the reasons stated herein, Defendant's Motion is GRANTED, and this action is DISMISSED.

FACTS

Plaintiff Miles is a former employee of Defendant Nashville Electric Service ("NES"). She

has sued NES for violations of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et*

*seq.* Plaintiff's Complaint alleges that on April 11, 2011, Plaintiff had a "psychotic break" which

required hospitalization.[1] Plaintiff contends that after she was hospitalized, her sister obtained

paperwork from NES for Plaintiff's request for FMLA leave.[2]

The Complaint asserts that on April 15, 2011, while Plaintiff was still hospitalized, Plaintiff's

grandmother passed away. Plaintiff avers that she was discharged from the hospital on April 18,

2011, to attend her grandmother's funeral.

On May 5, 2011, Plaintiff attempted to return to work. She brought a medical release, signed

by her doctor at Parthenon Pavilion, dated May 4, 2011, which stated: "Ms. Bilqis Miles was treated

---

[1]     Plaintiff had a similar event several months earlier for which she used FMLA leave.

[2]     The Complaint does not indicate whether Plaintiff ever returned that FMLA
paperwork to NES.

in hospital between 4/10/2011 to 4/18/2011. She is capable to return to work without restriction as of 5/4/2011." Docket No. 18-2. Plaintiff claims that NES told her that the FMLA paperwork was incomplete and that she had to get a release to drive. Docket No. 23-1, ¶ 10. Nonetheless, Plaintiff worked part of the day on May 5, 2011. Plaintiff now asserts that she was in no way sufficiently recovered to return to work.

Plaintiff alleges that on May 6, 2011, she contacted her supervisor, Mr. Buri (from the NES Credit Union) and told him she wasn't coming back. Plaintiff has testified that although she did not go to NES that day with the intention of quitting, she was tired of trying to get back to work and she just gave up and decided to resign. Docket No. 18-5, p. 12. She also testified that this decision was just hers, that no one from NES tried to talk her into quitting, and that she made the decision on her own. *Id*.

Plaintiff claims that Mr. Buri asked her to wait for him at the credit union, but she did not remain there. Mr. Buri telephoned Plaintiff on her cell phone and agreed to meet her at the Farmers' Market to pick up her resignation letter.[3] Plaintiff testified that she wrote the resignation letter while she was sitting in front of the Farmers' Market waiting for Mr. Buri. The resignation letter is addressed to Herb Deberry and also "To Whom it may concern." It states: "I am resigning from Nashville Electric Service as of 5/6/11. Thanks, Bilqis E. Miles." Docket No. 18-3.

Plaintiff avers that three days later, after talking with her family, she tendered a written rescission of her resignation to NES and informed them of her desire to be reinstated. Her request was denied.

---

[3]     Mr. Buri had told Plaintiff he needed a resignation letter.

2

Plaintiff claims that NES' refusal to rescind her resignation was a violation of the FMLA and that NES interfered with her FMLA rights by not refusing to let her return to work on May 5, 2011, even though she brought a full medical release from her doctor at that time.

## SUMMARY JUDGMENT

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Pennington v. State Farm Mut. Automobile Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id.*

In deciding a motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). The Court does not, however, weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). The Court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question. *Id.* The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment; rather, there must be evidence on which the jury could reasonably find for the nonmoving party. *Rodgers*, 344 F.3d at 595.

3

FAMILY AND MEDICAL LEAVE

Federal law provides that an eligible employee is entitled to a total of 12 workweeks of leave during any 12-month period because of a "serious health condition"[4] that makes the employee unable to perform the functions of his or her position. 29 U.S.C. § 2612 (a)(1)(D). It is unlawful for any employer to interfere with, restrain or deny the exercise of or the attempt to exercise any right provided under the FMLA. 29 U.S.C. § 2615.

To prevail on an FMLA interference claim, Plaintiff must establish that (1) she is an eligible employee, (2) Defendant is an employer as defined under the Act, (3) she was entitled to leave under the FMLA, (4) she gave Defendant notice of her intention to take leave, and (5) Defendant denied her FMLA benefits to which she was entitled. *Romans v. Michigan Dep't of Human Services*, 668 F.3d 826, 840 (6th Cir. 2012); *Cavin v. Honda of America Manufacturing, Inc.*, 346 F.3d 713, 719 (6th Cir. 2003).

For purposes of this Motion, the parties do not dispute the first four elements of this FMLA claim. Plaintiff claims, however, that Defendant interfered with her exercise of her FMLA rights by not exercising good judgment in the treatment of Plaintiff's "decisions." Plaintiff argues that her conduct and history provided NES with sufficient reason to doubt that her return to work was appropriate and that NES had a burden to recognize that she was not fit for duty at the time she attempted to return to work on May 5, 2011. Plaintiff contends that if NES had refused to permit her to return to work, she would not have resigned and, at the conclusion of her FMLA leave, she would have been eligible for disability benefits from NES.

_____

[4]      "Serious health condition" is defined as an illness, injury, impairment or physical or mental condition that involves inpatient care in a hospital, hospice or residential medical facility or continuing treatment by a health care provider. 29 U.S.C. § 2611(11).

4

Defendant maintains that Plaintiff returned to work on May 5, 2011, with a full medical release dated the day before, indicating that she was released by her physician to return to work with no restrictions. Once an employee submits a statement from her health care provider which indicates that she may return to work, the employer's duty to reinstate her has been triggered under the FMLA. *James v. James Marine, Inc.*, 805 F.Supp.2d 340, 352 (W.D. Ky. 2011); *Brumbalough v. Camelot Care Centers, Inc.*, 427 F.3d 996, 1004 (6th Cir. 2005). Plaintiff cites no authority for her argument that NES had a duty to *refuse* to let her return to work when she presented the doctor's full release.

The Court finds that NES had no duty to "second guess" the doctor's medical release and refuse to allow Plaintiff to return to work on May 5, 2011. Defendant did not interfere with Plaintiff's FMLA rights by allowing her to return to work.

The second conduct which Plaintiff claims interfered with her FMLA rights is Defendant's refusal to allow her to rescind her May 6, 2011 letter of resignation. Defendant argues that because Plaintiff voluntarily resigned, there was no adverse employment action. Plaintiff argues that her resignation was not voluntary, that her judgment was impaired, and that her method of resignation was "clearly odd." Plaintiff contends that NES had allowed employees to rescind their resignations in the past. The Affidavit she cites, however, states that the Affiant knows of three employees of NES who have *retired* and then rescinded their resignations. Docket No. 23-2. Plaintiff did not retire.

Plaintiff cites no provision of the FMLA which obligates NES to allow Plaintiff to rescind her resignation. Plaintiff testified, almost a year after her resignation, that she resigned because she no longer wished to work for NES and that she chose to quit on her own accord. She stated that no

5

employee of NES tried to talk her into quitting her position. Docket No. 18-5, pp. 11-12. Now Plaintiff asserts, in response to the pending Motion, that her judgment was impaired and she did not voluntarily submit her resignation. Plaintiff asserts that NES had some sort of duty to know that Plaintiff was incapable of voluntarily making the decision to resign, yet cites no authority for such a duty.

The Court finds that Plaintiff has not shown that the actions of NES, in refusing to rescind Plaintiff's resignation letter, violated the FMLA. Plaintiff represented more than once that her resignation was voluntary, with no coercion by NES. Plaintiff wrote her own resignation letter and testified months later that it was voluntary. Accordingly, Defendant's Motion for Summary Judgment as to Plaintiff's resignation is GRANTED.

Defendant also argues that the "self-care provision" of the FMLA does not apply to NES.[5] The Supreme Court recently held that Congress did not validly abrogate the States' immunity from suits for damages under the FMLA's self-care provision. *Coleman v. Court of Appeals of Maryland*, 132 S.Ct. 1327 (2012). Thus, if NES is an arm of the State, it would have immunity from Plaintiff's claims. NES admits, however, that under current law, it is *not* considered an arm of the State. The Court declines to extend the law to hold that *Coleman* applies to NES.

Finally, Defendant contends that because it is an agency of the Nashville Metropolitan Government and provides the traditional governmental service of supplying electricity to citizens, it should have sovereign immunity from Plaintiff's claims. The Court declines to extend the law in this way as well.

---

[5]     Plaintiff contends that she is not pleading violations of self-care provision of the FMLA, but her FMLA leave was taken because of her own "serious health condition," not that of a family member. 29 U.S.C. § 2612(a)(1)(D).

CONCLUSION

For these reasons, Defendant's Motion for Summary Judgment (Docket No. 18) is

GRANTED, and this action is DISMISSED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

7